EDMUND CURTIS

*v.*

GEORGE BAUGH.

ERROR—*can be assigned only upon matters in the record.* Where a decree is reversed for an error as to the proper measure of damages, and the cause remanded, it can not be assigned for error that the court below refused to allow additional evidence before rendering its decree, unless such proposed evidence is preserved in the record. A party alleging error must show its existence, not by inference simply, but by facts in a matter materially prejudicing his rights.

APPEAL from the Circuit Court of Ogle county; the Hon. Hon. W. W. HEATON, Judge, presiding.

This was a bill in chancery, by George Baugh, against Edmund Curtis, to recover damages claimed by the complainant from the cutting down and removal of trees and timber from certain lands upon which the complainant held a deed of trust to secure the payment of money, whereby his security was lessened and the premises rendered inadequate security. The bill of exceptions shows that the appellant, on the hearing, after the cause was remanded from this court, offered to introduce additional evidence, which the court refused to admit, but fails to show the evidence which was proposed to be given.

Messrs. BUSHNELL, GILMAN & COOK, for the appellant.

Mr. WILLIAM BARGE, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

When this cause was before us at a former term, the case, as then presented, was fully considered upon its merits, and the only error discovered was in the measure of damages adopted by the court below.

The error now alleged is, the court below, upon the cause being remanded, refused to allow appellant to introduce additional evidence, but rendered a decree on the former evidence after correcting the error in respect to the measure of damages.

Without entering upon a consideration of the effect of the order of reversal, we deem it sufficient to say that it is impossible to hold that the court erred in refusing to allow appellant to introduce additional evidence unless we were informed what that evidence was. For if it be conceded that he was entitled to introduce additional evidence, it could only be such evidence as tended to prove some fact not already sufficiently proved, and it devolves upon the party alleging error to show, by facts stated, and not by inference simply, its existence in a matter materially prejudicing his rights.

For aught that we can know, the evidence offered may have been irrelevant or trivial, or purely cumulative as to matters already sufficiently proved.

It is not shown, by anything before us, that the evidence already in the record did not fully and fairly present the issues in the case.

The decree is affirmed.

*Decree affirmed.*